## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| JOHN MICHAEL WOLFE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00959 (PTG/WEF) |
| | ) | |
| FAIRFAX COUNTY, ET AL., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM ORDER

This matter comes before the Court on Defendant David L. Duff's Motion for Sanctions

(Dkt. 12) and Defendants' motions to dismiss Plaintiff's Complaint (Dkt. 1). Dkts. 6, 7, 18, 22,

39. Plaintiff, John Michael Wolfe, filed an action pursuant to 42 U.S.C. § 1983 against a number

of defendants, Marline S. Khalil, Brittany A. Vera, Lori Wymore-Kirkland, David L. Duff, Robin

Knoblach, Fairfax County, and William B. Zuckerman.[1] Dkt. 1. Each defendant has moved to

dismiss the action against them. Dkts. 6, 7, 18, 22, 39.[2] Because Plaintiff is proceeding *pro se,*

Defendants advised Plaintiff that the motions to dismiss could be granted on the papers if Plaintiff

failed to file a response within twenty-one (21) days of their filing. *See* Local Rule 7(k) of the

---

[1] On March 10, 2023, upon Plaintiff's Motion (Dkt. 35), this Court dismissed Marline S. Khalil from this action. Dkt. 38. Thus, the Court will deny Defendant Khalil's Motion to Dismiss (Dkt. 22) as moot.

[2] The Complaint also named Shulan Jiang as a defendant. Dkt. 1. On February 17, 2023, the summons issued to Defendant Jiang was returned unexecuted. Dkt. 26. Federal Rule of Civil Procedure 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). It appears Shulan Jiang has not been served, and Plaintiff has failed to indicate otherwise. Accordingly, the Court will dismiss Plaintiff's Complaint against Shulan Jiang.

Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On April 10, 2023, Plaintiff filed responses in opposition to each motion to dismiss.[3] Dkts. 45–50. Having reviewed the Defendants' motions, Plaintiff's oppositions, and finding good cause, the Court grants Defendants' motions to dismiss.

## Background

On August 22, 2022, Plaintiff, proceeding *pro se*, sued each of the named defendants pursuant to 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment to the United States Constitution. Dkt. 1. The allegations in the Complaint stem from Plaintiff's family court proceedings and his mental health evaluation. The Complaint alleges that Defendants made "false statements, testimony[,] and documents ..." that led to Plaintiff being ordered to undergo a mental health evaluation. *Id.* at 4. Plaintiff further alleges that upon completion of a mental health evaluation for Plaintiff on August 21, 2020, "...defendants could have admitted to their wrongdoings and reported [their wrongdoing] to [the mental health practitioner] before she completed her evaluation." *Id.* at 4. Plaintiff further alleges that had they done so, "the evaluation would have been canceled." *Id.*

More specifically, Plaintiff alleges that in March 2015, his youngest child was injured during court-supervised visitation. *Id.* at 5. Plaintiff alleges that Defendant Wymore-Kirkland "falsely reported the injury of the child causing the Plaintiff to leave the program." *Id.* He also alleges Defendant Vera and Defendant Wymore-Kirkland made false statements and provided false documents, and "alter[ed] the JDR file to attempt to improperly influence the Plaintiff's mental evaluation." *Id.* Plaintiff alleges that Defendant Zuckerman requested a mental evaluation

---

[3] On February 28, 2023 and March 23, 2023, Plaintiff was granted extensions to his deadline to respond to the motions. Dkts. 33, 44.

"only to protect himself from a lawsuit that the Plaintiff had filed against him and to protect against his liability for the assault and battery of Defendant Jiang on the Plaintiff." *Id.* Plaintiff alleges that as a result of this incident, he was ordered to undergo a mental evaluation. *Id.*

In addition, Plaintiff alleges that Defendant Fairfax County failed to properly supervise and correct the alleged false statements and documents. *Id.* According to the Complaint, Defendants Knoblach and Duff "failed to inform the court that the delay caused by Defendant Khalil was the reason that her evaluation was not completed and the testing was invalid due to the delay," resulting in the court re-ordering the evaluation. *Id.* Plaintiff also alleges Defendant Duff could have "had [Plaintiff's] false arrest and imprisonment expunged and his contempt purged which would have helped with the mental evaluation." *Id.* Plaintiff seeks (1) "monetary damages to include all of the expenses paid for the evaluations including court and legal[] fees;" (2) lost income; (3) $10 million in punitive damages; and (4) "to have the evaluation not be used in any Court or any venue or by anyone in a way that harms the Plaintiff in any way." *Id.* at 6.

On January 6, 2023, Defendant David L. Duff moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 6. On January 23, 2023, Defendant Zuckerman filed a Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment. Dkt. 7. Defendant Zuckerman moved to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6), 12(d), and 56. Dkt. 8 at 1. On January 26, 2023, Defendant Duff filed a Motion for Sanctions. Dkt. 15. On January 31, 2023, Defendants Fairfax County, Vera, and Wymore-Kirkland filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). On March 17, 2023, Defendant Knoblach filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. Dkt. 39. Although these motions state various grounds for relief, each contends that this suit should be dismissed on the ground of *res judicata.*

3

## I.    Motion to Dismiss for Failure to State a Claim

As stated, each Defendant has moved to dismiss—a least in part—for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This pleading standard does not require detailed factual allegations, rather, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]rinciples requiring generous construction of *pro se* complaints are not ... without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Defendants assert that this case is nearly identical to two lawsuits Plaintiff previously filed in this District.  Dkt. 8 at 5–9; Dkt. 10 at 3–4; Dkt. 20 at 8–12; Dkt. 43 at 55 (citing *Wolfe v. Zuckerman, et al.*, 1:20-cv-175; *Wolfe v. Woolley, et al.*, 1:20-cv-116).  Defendants contend that the doctrine of *res judicata* prohibits parties from repetitive suits involving the same cause of action following a final judgment on the merits.  Dkt. 8 at 6 (citing *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011).  Accordingly, Defendants argue that because Plaintiff has received final judgments on the merits in near-identical suits, Plaintiff's Complaint is barred by *res judicata*.  Dkt. 8 at 5–9; Dkt. 10 at 3–4; Dkt. 20 at 8–12; Dkt. 43 at 5 (citing *Wolfe v. Zuckerman, et al.*, 1:20-cv-175; *Wolfe v. Woolley, et al.*, 1:20-cv-116).  In opposition, Plaintiff argues "the doctrine of [*res judicata*] does not apply to this complaint as this complaint is based on a mental health evaluation that was accepted by the court on September 23, 2020" and asserts

that "[t]his matter could not have been part of any complaint until after September 23, 2020." Dkt. 45 at 1, 3, 6; Dkt. 47 at 1, 3, 5; Dkt. 49 at 1, 3, 8. Plaintiff is incorrect.

"Under the doctrine of *res judicata*, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)). In order for *res judicata* to apply, three elements must be met: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* (quoting *Pueschel*, 369 F.3d at 354–55).

This is Plaintiff's third case in this District predicated on his family court proceedings. On February 3, 2020, Plaintiff filed suit in this District against five defendants, including Defendants Fairfax County, Vera, and Wymore-Kirkland. *See Wolfe v. Woolley, et al.*, 1:20-cv-116. In that suit, Plaintiff alleged that Defendants Fairfax County, Vera, and Wymore-Kirkland and others violated his Fourteenth Amendment right by creating false documents, "help[ing] create fraudulent orders," and conspiring to falsely arrest and imprison him. *Id.*, Dkt. 1 at 8–9. On July 31, 2020, Judge Liam O'Grady granted defendants' motions to dismiss, holding (1) that Plaintiff's claims were time-barred and (2) even if they were not, the complaint failed to state a claim upon which relief could be granted. *Id.*, Dkt. 42 at 6–8. Accordingly, Plaintiff's case was dismissed with prejudice. Dkt. 42 at 9.

On February 19, 2020, Plaintiff filed suit against five Defendants, including Defendants

5

Zuckerman, Duff, and Knoblach.[4]  *Wolfe v. Zuckerman, et al.*, 1:20-cv-175.  In that case, Plaintiff

alleged (1) Defendant Zuckerman testified "falsely in court and recommend[ed] to the court that a

mental evaluation [be done]."  *Id.*, Dkt. 1 at 9.  Plaintiff further alleged that Defendant Duff, while

serving as his counsel, "refused … to resolve the false statements issue[d] and get some of the

fraudulent orders overturn[ed]."  Also, Plaintiff accused Defendant Duff of having him falsely

arrested on December 6, 2019.  *Id.* at 11–12.  Further, he alleged "Defendant Duff knew that [he]

would not go to a hearing until his false arrest had been dealt with, but [Duff] refused to bring the

false arrest to the court's attention."  *Id.*  Finally, Plaintiff alleged Defendant Knoblach "refused

to recuse herself when it was learned that she had a dual relationship for the mental evaluation for

the Plaintiff" and "coached" him to appear to have mental health issues.  *Id.* at 10–11.  On

September 18, 2020, Judge Claude M. Hilton dismissed Plaintiff's complaint because (1) his

claims were time-barred, and (2) he failed to state a claim upon which relief could be granted.  *See*

*Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkts. 64 at 3–4; 65.

  *Res judicata* clearly applies here.  The allegations asserted against Defendants Fairfax

County, Vera, Wymore-Kirkland, Zuckerman, Duff, and Knoblach in the instant action are the

same that were previously raised in Plaintiff's other suits against them. *Compare* Dkt. 1; *Wolfe v.*

*Woolley, et al.*, 1:20-cv-116, Dkt. 1; *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 1.  In each case,

Plaintiff asserted the same cause of action: a § 1983 claim.  *Id.*  Plaintiff received a final judgment

in relation to his prior case against each defendant—a dismissal of his complaint as time-barred,

and for failure to state a claim.  *See Wolfe v. Woolley, et al.*, 1:20-cv-116, Dkt. 42; *Wolfe v.*

---

[4] Notably, Marline S. Khalil was a defendant in both of Plaintiff's cases previously filed in this
District. On September 4, 2020, in *Wolfe v. Zuckerman, et al.*, Khalil was dismissed from the case
and the court granted her motion for sanctions. 1:20-cv-175, Dkt. 61. Accordingly, Plaintiff was
ordered to pay her $5,034.34 in attorney's fees and expenses. *Id.* As stated, Khalil was originally
a named defendant in this case, but has since been dismissed. Dkt. 38.

*Zuckerman, et al.*, 1:20-cv-175, Dkts. 64 at 3–4; 65.

Plaintiff argues *res judicata* does not apply "because the violation of [his] civil right to privacy occurred on September 23, 2020." Dkt. 45 at 3; Dkt. 47 at 3; Dkt. 49 at 3. Plaintiff emphasizes that this alleged violation took place after all other federal court litigation concluded, and "has never been ruled [on] or the subject of any complaint." Dkt. 45 at 3; Dkt. 47 at 3; Dkt. 49 at 3. Plaintiff concludes that since the alleged violation "did not exist when the previous court action between the parties existed," then"[*res judicata*] does not apply here." Dkt. 45 at 3; Dkt. 47 at 3; Dkt. 49 at 3. The Court finds that this argument lacks any merit.

At the outset, the Court notes that Plaintiff did not mention the September 23, 2020 date in his Complaint. To the contrary, the Complaint primarily references "ongoing matters leading up to the mental health evaluation [that] began in 2014." Dkt. 1 at 4. The only allegation in the Complaint relating to an event in 2020 was a mental evaluation completed by a doctor who is not named as a defendant in this case. *See id.* Even further, the Fourth Circuit follows "the transactional approach," meaning that "*res judicata* will bar a newly articulated claim if it is based on the same underlying transaction involved in the first suit and could have been brought in the earlier action." *Providence Hall*, 816 F.3d at 282 (internal quotation marks and brackets omitted) (quoting *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013)). This is precisely the case in this matter. Even affording Plaintiff's Complaint the liberal construction generally afforded to *pro se* plaintiffs, *see Erickson*, 551 U.S. at 94, it is clear that all three complaints are premised on the same "underlying transactions." In other words, Plaintiff's Complaint is based on the same underlying events identified (and complained of) in the two prior suits against these same defendants involving Plaintiff's family court proceedings, mental evaluation, and arrest. This fact further weighs in favor of applying *res judicata*.

In sum, Plaintiff's § 1983 claims against Defendants are barred by *res judicata*. First, both the order of dismissal in *Wolfe v. Woolley, et al.*, 1:20-cv-116, and the order of dismissal in *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, constitute final judgments on the merits. *See Nabaya v. Stark*, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of *res judicata*."). Second, between those two prior cases in this District, Plaintiff sued all of the defendants in the instant case. Thus, between the two 2020 cases filed in this District, each of the named Defendants in this case were also parties to one of the other suits. Finally, the claims in the instant case are substantially the same as those in Plaintiff's two prior cases, as they also arise from Plaintiff's family court proceedings, and his subsequent mental evaluation and arrest. For these reasons, the Court finds Plaintiff's Complaint is barred by *res judicata* and must be dismissed.[6]

Dismissal with prejudice is warranted where amendment would be futile in light of the [complaint's] fundamental deficiencies. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The Fourth Circuit provides that courts have discretion to determine if further amendment would be futile. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). In this case, for the foregoing reasons, the Court finds Plaintiff cannot cure the *res judicata* issue related to his Complaint, and further amendment would be futile. Thus, the Court will dismiss the Complaint with prejudice.

## II.   Motion for Sanctions

Finally, on January 26, 2023, Defendant Duff filed a Motion for Sanctions. Dkt. 15. Defendant Duff requests the Court impose Rule 11 sanctions on Plaintiff, including monetary

---

[6] Because the Court is granting the dismissal pursuant to the doctrine of *res judicata*, it need not explore any additional grounds for dismissal presented by Defendants.

sanctions and a pre-filing injunction. Dkt. 13. Before imposing a pre-filing injunction, the Court must provide the litigant notice and an opportunity to be heard. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (citations omitted). Accordingly, this Court will hold a hearing to provide Plaintiff an opportunity to be heard on the pre-filing injunction request, as well as the Motion for Sanctions.

***

Accordingly, upon consideration of the Defendants' motions to dismiss (Dkts. 6, 7, 18, 22, 39), the parties' briefs, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Complaint against Shulan Jiang is **DISMISSED** for failure to effect service pursuant to Fed. R. Civ. P. 4(m). It is further

**ORDERED** that Defendant's Khalil's Motion to Dismiss (Dkt. 22) is **DENIED as moot.**

**ORDERED** that Defendants' Motions to Dismiss (Dkts. 6, 7, 18, 39) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint be and is **DISMISSED WITH PREJUDICE** as to Defendants Fairfax County, Vera, Wymore-Kirkland, Zuckerman, Duff, and Knoblach. It is further

**ORDERED** that Plaintiff appear before the Court on Thursday, August 31, 2023, at 10:00 a.m. in Courtroom 801 to show cause as to why Defendant Duff's Motion for Sanctions (Dkt. 15) and request for pre-filing injunction should not be granted.

The Clerk is directed to forward copies of this Order to counsel of record and to the *pro se* Plaintiff at the address provided.

/s/

Patricia Tolliver Giles
United States District Judge

Dated: August 1, 2023
Alexandria, Virginia

9