IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOHN MICHAEL WOLFE,                    )
                                       )
            *Plaintiff,*                )
                                       )
      v.                               )        Case No. 1:22-cv-959 (PTG/WEF)
                                       )
FAIRFAX COUNTY, *et al.*,               )
                                       )
            *Defendants.*               )
                                       )

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant David L. Duff's Rule 11 Motion for

Sanctions (Dkt. 15) against Plaintiff, John M. Wolfe.  On January 6, 2023, Defendant filed a

Motion to Dismiss. Dkt. 6.  On August 1, 2023, this Court entered an order granting Defendant's

Motion to Dismiss and setting a hearing on August 31, 2023 at 10:00 a.m. for Plaintiff to show

cause as to why Defendant's request for sanctions and a pre-filing injunction should not be granted.

Dkt. 55.  On August 31, 2023, Plaintiff failed to appear at the show cause hearing. Dkt. 56.  At

the hearing, Defendant withdrew the request for monetary sanctions, leaving the request for a pre-

filing injunction. *Id.*  The Court has reviewed the accompanying pleadings and this case is ripe

for disposition.  For the reasons stated below, Defendant's request for a pre-filing injunction is

granted.

## I.    PROCEDURAL BACKGROUND

On August 22, 2022, Plaintiff filed the operative Complaint (Dkt. 1) against Defendant

Duff and several other defendants who have since been dismissed.[1]  The allegations in the

---

[1] In addition to Defendant Duff, Plaintiff originally sued the following defendants: (1) Fairfax

Complaint stem from Plaintiff's family court proceedings and a mental health evaluation he underwent as a part of the proceedings. *See* Dkt. 1. Defendant Duff represented Plaintiff during those proceedings for approximately two years before Plaintiff fired Defendant as his counsel. Dkt. 13 at 3. Plaintiff, proceeding *pro se*, sued each of the named defendants pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Fourteenth Amendment to the United States Constitution. Dkt. 1 at 3–4. The Complaint alleged that Defendants made "false statements, testimony[,] and documents ..." that led to Plaintiff being ordered to undergo a mental health evaluation. *Id.* at 4. Plaintiff further alleged that before completion of a mental health evaluation on August 21, 2020, "defendants could have admitted to their wrongdoings and reported [their wrongdoing] to [the mental health practitioner] before she completed her evaluation[;]" and had they done so, "the evaluation would have been cancelled." *Id.* Lastly, with respect to Defendant Duff, Plaintiff also alleged that Defendant could have "had [Plaintiff's] false arrest and imprisonment expunged and his contempt purged which would have helped with the mental evaluation." *Id.* at 5.

Over the course of two years, Plaintiff has filed five lawsuits in state and federal court against Defendant Duff and others, each based on the same set of facts arising from his family court proceedings. *See* Dkt. 13 at 1. This is the third case Plaintiff has filed in this District predicated on those state court proceedings. On February 3, 2020, Plaintiff filed suit in this District against five defendants.[2] *See Wolfe v. Woolley, et al.*, 1:20-cv-116. In that suit, Plaintiff alleged that the named defendants violated his Fourteenth Amendment rights by creating false documents, "help[ing] create fraudulent orders," and conspiring to falsely arrest and imprison him. *Id.*, Dkt.

---

County; (2) Shulan Jiang; (3) Marline S. Khalil; (4) Lori Wymore-Kirkland; (5) Brittany A. Vera; (6) Robin Knoblach; and (7) William B. Zuckerman. Dkt. 1.

[2] Defendant David L. Duff was not named as a party to this first federal lawsuit.

1 at 8–9. On July 31, 2020, Judge Liam O'Grady granted defendants' motions to dismiss, holding (1) that Plaintiffs claims were time-barred and (2) even if they were not, the complaint failed to state a claim upon which relief could be granted. *Id.*, Dkt, 42 at 6–8. Accordingly, Plaintiff's case was dismissed with prejudice. *Id.* at 9.

On February 19, 2020, Plaintiff filed a second lawsuit in this District against five defendants, including Defendant Duff. *Wolfe v. Zuckerman, et al.*, 1:20-cv-175. In that case, Plaintiff once again alleged that the defendants violated his constitutional rights. *Id.*, Dkt. 1 at 3. Plaintiff alleged that Defendant Duff, while serving as his counsel, "refused … to resolve the false statements issue[d] [against Plaintiff] and get some of the fraudulent orders overturn[ed]" and failed to represent [Plaintiff's] interest but instead supported the interest of the court." *Id.* at 11. On September 18, 2020, Judge Claude M. Hilton dismissed Plaintiffs complaint because (1) his claims were time-barred, and (2) he failed to state a claim upon which relief could be granted. *Id.*, Dkts. 64 at 3–4; 65. Less than two years later, Plaintiff initiated this instant case, once again accusing the named defendants of violating his Fourteenth Amendment rights. *See* Dkt. 1 at 3.

On January 6, 2023, Defendant Duff moved to dismiss the operative Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 6. Thereafter, the remaining Defendants filed respective motions to dismiss. *See* Dkts. 7, 18, 22, and 39.[3] On August 1, 2023, this Court granted Defendants' motions to dismiss, ruling that Plaintiff's § 1983 claims against Defendants were barred by the doctrine of *res judicata* since the order of dismissal in the two previous federal lawsuits constituted final judgments on the merits. *See* Dkt. 55 at 7–8. Accordingly, Plaintiff's Complaint was dismissed with prejudice. *Id.* at 9. This Court further ordered that Plaintiff appear before the Court on August 31, 2023 to show cause as to why

---

[3] On March 10, 2023, upon Plaintiff's Motion (Dkt. 35), the Court dismissed Marline S. Khalil from this action and therefore denied her Motion to Dismiss (Dkt. 22) as moot. Dkt. 38.

3

Defendant Duff's motion for sanctions and a pre-filing injunction should not be granted. *Id.* As mentioned above, Plaintiff did not appear at the show cause hearing, nor did he indicate to the Court that he would not appear at the hearing. Given Plaintiff's failure to appear, Plaintiff has waived his right to be heard on this matter. This matter is now ripe for resolution.

## II.    DISCUSSION

### A.  Pre-Filing Injunction

Defendant Duff requests that this Court enter a pre-filing injunction against Plaintiff, barring him from filing any additional *pro se* cases against Defendant in this District without prior leave of court. Dkt. 13 at 2, 9.   In support of the request, Defendant alleges Plaintiff has filed multiple repetitive, vexatious, and harassing lawsuits against Defendant that lack any merit. *Id.* at 8–9. Defendant asserts that without a pre-filing injunction, Defendant will remain subjected to "[Plaintiff's] relentless litigation." *Id.* at 9.

Before imposing a pre-filing injunction, the Court must provide the litigant notice and an opportunity to be heard. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (citations omitted). As noted, this Court did so. On August 1, 2023, Plaintiff received notice via a Memorandum Opinion and Order, dismissing this case and indicating that the Court was considering imposition of a pre-filing injunction. Dkt 55. The Court further advised that it would hold a hearing on the matter and ordered Plaintiff to appear before the Court on August 31, 2023 at 10:00 a.m. *Id.* At the appointed date and time, the Court called the case to allow Plaintiff an opportunity to be heard. While Defendant appeared through counsel, Plaintiff failed to appear at the hearing. Dkt. 56.

The All Writs Act, U.S.C. § 1651(a), gives federal courts the authority to limit access to courts by repetitive bad faith litigants. *Cromer*, 390 F.3d at 817. The Court recognizes that pre-

4

filing injunctions are a remedy that should be used sparingly and should not be imposed absent "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (internal citations omitted).  Courts should exercise even more caution when dealing with a *pro se* plaintiff.  *Id.* at 818 (internal citations omitted). When determining whether a pre-filing injunction is appropriate, a court must consider:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.; see also Rodriguez v. Doe*, 549 Fed. Appx. 141, 147 (4th Cir. 2013) (unpublished) (affirming imposition of pre-filing injunction); *In re Randolph*, 642 Fed. Appx. 204 (4th Cir. 2016) (unpublished) (same); *In re Williams*, 2022 WL 4758403, at *1 (4th Cir. Oct. 3, 2022) (unpublished) (same).

Each of the *Cromer* factors weighs in favor of issuing a pre-filing injunction.  First, the Court finds that Plaintiff has a history of filing vexatious, harassing, and duplicative lawsuits against Defendant Duff.  This is underscored by the fact that Plaintiff filed a nearly identical case in this District, which was dismissed as time-barred and for failure to state a claim.  *See Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 64.  Both that case and the instant case were filed by Plaintiff against Defendant Duff, and others, based on state court family law matters; and the underlying facts of both cases are quite similar.  *Compare Wolfe v. Fairfax County, et al.*, 1:22-cv-959, Dkt. 1 at 4–5, *with Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 1 at 9–12.

Plaintiff has a long history of litigation with Defendant Duff, including various actions in state court in addition to the duplicative lawsuit filed in *Zuckerman*.  Just as in the instant case, Plaintiff's lawsuits in state court against Defendant Duff alleged that Defendant failed to notify

the court about Plaintiff's purported false arrest and imprisonment and failed to take action to get his records expunged. *See* Dkt. 13-15 at 4–5; Dkt. 13-16 at 4–5; Dkt. 13-17 at 7, 9. According to Defendant, Plaintiff nonsuited on two of these actions, and the third remained active—at least at the time Defendant filed his memorandum in support of Motions for Sanctions—with a pending demurrer. Dkt. 13 at 4. Then, Plaintiff raised the same factual allegations against Defendant Duff when he filed his second federal lawsuit on February 19, 2020, which Judge Hilton dismissed. *See Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 1; 65. It is therefore clear that Plaintiff has a history of filing repetitive, vexatious, and harassing lawsuits against Defendant Duff.

Next, the Court finds Plaintiff's case lacks merit and was not brought upon a good faith basis. The first two federal lawsuits Plaintiff filed in this District already put him on notice that his claims were without merit. In both cases, Plaintiff asserted the same cause of action: a § 1983 claim. *See Wolfe v. Wooley, et al.*, 1:20-cv-116, Dkt. 1; *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 1. In both cases, the court dismissed Plaintiff's complaint as time-barred and for failure to state a claim. *See Wolfe v. Wooley, et al.*, 1:20-cv-116, Dkt. 42; *Wolfe v. Zuckerman et al.*, 1:20-cv-175, Dkt. 64. In the *Zuckerman* case, Judge Hilton explained that Plaintiff's complaint failed to state a claim upon which relief may be granted because Plaintiff did not raise allegations against any of the defendants that would support the assertion that their purported conduct was done under color of state law. *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 64 at 5–6.[4] For that reason, Judge Hilton held that the defendants could not be sued under § 1983. *Id.* Accordingly, Plaintiff was on notice that his claims against Defendant Duff were without merit well in advance of filing this case on August 22, 2022.

---

[4] With respect to Defendant Duff, Judge Hilton expressly stated that, "[s]ince the Complaint does not allege facts that indicate Defendant Duff acted under color of state law, Plaintiff's § 1983 claim against Defendant Duff cannot proceed." *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 64 at 6.

Here, Plaintiff raises the same § 1983 claims against Defendant Duff and others that were already rejected in *Zuckerman*. It is unreasonable to think that after being placed on notice that his § 1983 claims failed to state a claim upon which relief may be granted, that on August 22, 2022, Plaintiff proceeded to file, in good faith, a nearly identical federal lawsuit based on the same set of facts and legal theories that had already been dismissed. Furthermore, although courts must generally "construe allegations in a *pro se* complaint liberally, a complaint must still contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quotation marks omitted). Here, Plaintiff's Complaint failed both for the reasons noted above and those explained in the August 1 Order dismissing this action (Dkt. 55). For these reasons, the Court finds that Plaintiff's case lacked merit and involved a frivolous federal claim that served to harass Defendant Duff.

Third, Plaintiff's vexatious lawsuits place a significant burden on the courts and parties involved. Plaintiff's duplicative actions require the Court and involved parties to expend resources evaluating and responding to baseless claims and unreasonable motions, filings, and arguments.

Finally, the Court finds alternative sanctions will likely be inadequate. During the underlying state court proceedings, Plaintiff was ordered to pay nearly $8,000 in attorney's fees to Shulan Jiang, Plaintiff's ex-wife and another named defendant in this case. *See* Dkt. 13-1 at 10. Plaintiff did not comply with the court's order to begin paying the attorney's fees until after he was held in criminal contempt and incarcerated for three days. *See* Dkt. 13-5; Dkt. 13-7. Similarly, in *Zuckerman*, as a part of an award for sanctions, Judge Hilton ordered Plaintiff to pay a little over $5,000 in attorney's fees and expenses to Marline S. Khalil, another party originally named as a defendant in this instant case. *Wolfe v. Zuckerman, et al.*, 1:20-cv-175, Dkt. 61. To date, it does not appear that Plaintiff has paid any amount of this monetary sanction. Therefore, even if

the Court were to find that monetary sanctions were appropriate here, it is unlikely that Defendant Duff would be able to recover those sanctions from Plaintiff.[5]  For the aforementioned reasons, the Court finds it is appropriate to issue a pre-filing injunction to prevent Plaintiff from initiating actions against Defendant Duff in the Eastern District of Virginia without prior leave of Court.

The aforementioned pre-filing injunction will be narrowly tailored to fit the circumstances of this case as *Cromer* requires.  Accordingly, Plaintiff John Michael Wolfe will be enjoined from initiating any new actions in this Court against Defendant David L. Duff arising out of or relating to Plaintiff's family court matters in Fairfax County Circuit Court without first obtaining approval from the United States District Court for the Eastern District of Virginia.  To obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment.  Plaintiff is warned that a violation of this Court's pre-filing injunction may constitute contempt of court and subject Plaintiff to civil and criminal penalties.

### III.   CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendant's request for a pre-filing injunction contained in his Rule 11 Motion for Sanctions (Dkt. 15) is **GRANTED**.  Plaintiff is hereby **ENJOINED** from filing any further lawsuits against Defendant David L. Duff in the Eastern District of Virginia arising out of or relating to Plaintiff's family court proceedings in Fairfax County Circuit Court, without prior

---

[5] This Memorandum Opinion and Order does not address the issue of monetary sanctions given the fact that Defendant Duff withdrew his request for said sanctions at the show cause hearing. *See* Dkt. 56.

leave of Court.  It is further

**ORDERED** that to obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment; and it is further

**ORDERED** that the Clerk is DIRECTED that any new filing should not be docketed until pre-filing approval is granted by the Court.

This is a final order for the purposes of appeal.  To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order.  A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal.  Plaintiff need not explain the grounds for appeal until so directed by the court of appeals.  Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record and to the *pro se* Plaintiff at the address provided.

September 20th, 2023
Alexandria, Virginia

_____ /s/
**Patricia Tolliver Giles**
**United States District Judge**